UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JESSE NOAL KILLIAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:21-cv-550-PLC |
| ) | |
| DAVID VANDERGRIFF, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon petitioner Jesse Noal Killian's response to the Court's June 28, 2021 order directing him to show cause why his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus should not be dismissed as time-barred. Having thoroughly reviewed and carefully considered petitioner's response, the Court has determined that the petition is untimely, and petitioner has failed to show cause why it should not be dismissed as such. Therefore, in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court will dismiss the petition without further proceedings. The Court will also decline to issue a certificate of appealability, and will deny as moot petitioner's motion to appoint counsel.

### Background

As explained in the Court's June 28, 2021 order, petitioner filed the instant petition after the expiration of the applicable limitations period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Briefly, the relevant dates are as follows. The one-year limitations period commenced on May 6, 2019, and ended on May 6, 2020. Petitioner filed a motion for post-conviction relief in Missouri State court on January 20, 2021. However, because the federal statute of limitations had already run, petitioner's filing for State post-conviction

relief "cannot act to toll the federal statute of limitations." *Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853 (8th Cir. 2003) (citing *Painter v. Iowa,* 247 F.3d 1255, 1256 (8th Cir. 2001)). Petitioner filed the instant petition, at the earliest, on March 24, 2021.

In the response now before the Court, petitioner acknowledges the AEDPA's one-year limitations period, and writes:

> The limitation period shall run from the latest of the date on which the factual predicate of the claim or claims that was presented in the State Court (23rd Jud. Cir. 2018) could have been discovered through the exercise of due diligence. Furthermore, the State Court (23rd Jud. Cir.) violated my United States Constitutional right as a United States citizen, by not showing me Due Process, if Due Process, and due diligence was shown by the State Prosecuting Attorney he would have seen that there was no factual evidence in my Discovery (ex. No witnesses [saw] or heard anything, victims could not place a suspect at the crime scene, there[']s no admissible testimony by me, no fingerprints, no DNA reports) that could prove that I committed any alle[]ged felony with other significant evidence that would prove my innocence.

(ECF No. 6 at 1). Petitioner also states that the one-year limitation period should be tolled during the pendency of a properly-filed State post-conviction motion. Finally, petitioner writes: "Furthermore the one-year limit for federal habeas filings should still be tolled and reviewed thoroughly by the District Attorney even after it has expired if due diligence or due process was a possibility in the case and was not shown by the State-Court on post-conviction relief." *Id.* at 1-2.

## Discussion

Petitioner's response provides no basis to conclude that his petition is timely, or that its untimeliness should be excused. To the extent petitioner can be understood to claim his 2021 filing for State post-conviction relief should toll the federal statute of limitations, such argument is unavailing. Indeed, the one-year limitation period for filing a federal habeas petition is tolled

while a properly filed application for State post-conviction review is pending. 28 U.S.C. § 2244(d)(2). However, the one-year limitation period cannot be tolled after it has expired. *Curtiss,* 338 F.3d at 853. Here, as the Court explained in its June 28, 2021 order, petitioner's application for State post-conviction review cannot toll the federal limitation period because it was filed after that period expired. *See id.*

Petitioner also appears to suggest that his petition is timely under 28 U.S.C. § 2244(d)(1)(D), under which the federal limitations period begins running on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." However, petitioner simply cites language from the statute without explaining why he believes it relates to his case. Petitioner makes no attempt to identify the time he learned of the factual predicate of any particular claim, or to identify any particular facts or evidence that developed or that he discovered. There is therefore no basis for this Court to conclude that the petition is timely under 28 U.S.C. § 2244(d)(1)(D).

Petitioner also appears to suggest that his petition is timely, or that its untimeliness should be excused, because his claims concern due process and a lack of diligence on the part of the State prosecuting attorney. However, petitioner does not cite, nor is the Court aware, of any authority supporting such proposition. Finally, nothing in the instant response can be construed as an assertion that petitioner was diligently pursing his rights, but "extraordinary circumstances" beyond his control stood in his way and prevented timely filing, or that government conduct lulled petitioner into inaction. There is therefore no basis to conclude that equitable tolling is warranted. *See Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003).

Having determined that the petition is untimely and that petitioner has failed to show

3

cause why it should not be dismissed as such, the Court will dismiss the petition at this time, pursuant to Rule 4(b) of the Rules Governing Section 2254 Cases in the United States District Courts. *See Day v. McDonough*, 547 U.S. 198, 210 (2006) (a court may consider, on its own initiative, whether a habeas action is time-barred, but before dismissing it as such, it must give the petitioner fair notice and the opportunity to present his position).

The Court has considered whether to issue a certificate of appealability. To do so, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Petitioner herein has made no such showing, and the Court will therefore not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Jesse Noal Killian's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DISMISSED**. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that petitioner's Motion to Appoint Counsel (ECF No. 8) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this __13th_____ day of October, 2021.

\s\ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE